McFarland, J.,
delivered the opinion of the Court.
Rossi brought this action and obtained judgment in the Municipal Court at Memphis, against the plaintiff in error, Cicalla. On the 7th of January, 1868, Rossi placed $550 in the hands of Cicalla, and took from him the following receipt.
Memphis, Tenn., January 7, 1868.
Received from Giovanni Rossi the sum of five hundred and fifty dollars for safe keeps until he call for it. Paul A. Cicalla.
The plaintiff and defendant were both examined as witnesses, and upon their testimony the controverted facts of the case are mainly to be decided.
The plaintiff’s version of the transaction is, that he had the amount in a bank or banks at Memphis; that it was all he had; he was a foreigner, and became suspicious of the banks .and requested the defendant, who was a countryman of his, in whom he had confidence, to keep the money for him in a safe of defendant’s uncle, which he believed to be accessible to the defendant. That the defendant willingly agreed to do so, and the mouey was accordingly handed over to the defendant, and the receipt above referred to, given. That after the failure of the banks in which the plaintiff had previously had the money deposited, the defendant congratulated him upon having been so fortunate as to withdraw his *69 money from the banks, but afterwards said that he had lost the money by the failure of the Gayoso Bank, promising the plaintiff, however, to pay the amount, but refused to do so when afterwards requested.
The substance of the defendant’s testimony is, that the plaintiff applied to him to take and keep the money for him, and gave as a reason that he had been painting upon the house of one Bruce, and he was afraid on account of some accidental damage to the work, that he would get into a difficulty about it, and did not want it known where his money was, for fear it might be reached and taken from him. That defendant informed him that he had no place to keep the money — that he kept his own money in bank, finally and reluctantly he agreed to take the money. He asked plaintiff if he should deposit in bank in his name? The plaintiff told him to keep it as he kept his own money, and not let him (plaintiff) know where it was. Upon receiving the money he immediately deposited it in the Gayoso Savings Institution to his own credit, and had it entered on his pass-book. This was the bank he used in transacting his own business and was then considered safe. That the money remained there until the bank failed. That he, the defendant, declined to use it and in the meantime borrowed money for his own use. The defendant proved by other testimony that on the date of this receipt, 7th of January, 1868, he deposited this amount — $550—in said bank to his credit, that it was all the money he had in the bank, and that it *70 remained there until the failure of the bank, and that during that time he borrowed money from other sources for his own use. Both parties in substance agree, that the transaction was not a loan, but a mere bailment or mandatory; that the defendant was, to receive no compensation, but acted merely for the accommodation of the plaintiff. In such eases, it is well settled that a mere mandatory is only liable for “gross negligence.” But while this is true, it is also well settled that by the bailment a trust is created, and the mandatory becomes the trustee, and if he violate the trust reposed in him, and dispose of the goods in a manner not authorized or contemplated by the terms of the trust, he may be held liable for a conversion, aside from the question of negligence. Colyar v. Taylor, 1 Col., 372.
So in this case, if the defendant, although he received the money merely to accommodate the plaintiff, afterward, without the plaintiff’s .consent, or without his permission, and contrary to the purpose had in view, deposited it to his own credit, and it was afterward lost, he might be held liable for a conversion, although the deposit might have been considered prudent and safe, and without negligence.
But if the deposit was made in the bank with the, plaintiff’s consent, and in a manner to which he agreed the defendant, if he acted in good faith, and merely for accommodation, would most clearly not be liable unless he was guilty of gross negligence.
The material point of controversy, and the one-upon which the case should turn, is, whether or not *71 the defendant in depositing the money in bank in his own name, acted in accordance with the consent of the plaintiff, either expressly given or fairly to be implied from the circumstances and conversation had at the time ?
This question was one to be left to the jury, and as there is conflict in the evidence, we could not disturb a verdict either way, provided the question was fairly and properly presented to them in the charge.
The Court, upon the plaintiff’s request, instructed the jury among other things, that if they believed from the testimony that the identical money was not to be returned, but other money of equal value, the property in the money immediately passed from the plaintiff to the defendant, and a subsequent loss of money must fall on 'the defendant.
Subsequently the defendant’s counsel submitted the following proposition, which was refused by the Court “If the jury believe from the evidence that the defendant, Cicalla, on the day he received the money from the plaintiff, deposited the money to his credit in the Gayoso Bank, and that he did so with the assent, express or implied, of the plaintiff, Rossi, and that the defendant Cicalla had no money of his own in the said bank at the time of said deposit -or afterward, and that the money remained in bank until the bank failed, and that it was thereby lost, without fault of the defendant, he was not liable.”
Taking the proposition given by the Court in connection with the one refused, we think it contains error.
The case should not have been made to depend *72 alone upon the question whether or not the identical bills were to be returned. The vital question was, whether or not the defendant deposited the money in the bank, in his own name, with the consent of the plaintiff, either expressly given or fairly to be implied, and with the understanding that it was so to remain until the plaintiff called for it, as the plaintiff’s money, and it was afterwards lost without negligence upon the part of the defendant; if so, he would not be liable. On the other hand, if the defendant in making the deposit acted in violation of the trust reposed in him, and disposed of the money in a manner different from what he agreed to do, he would be liable for a conversion.
The proof is of such a character that it should have been fairly presented to the . jury. We are not satisfied that this has been done.
Reverse the judgment and remand the case for a new trial.